**Reversed and Rendered and Memorandum Opinion filed August 27, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00080-CV

## THE CITY OF HOUSTON, Appellant

## V.

## FRANCISCO CRUZ, Appellee

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2016-12554**

## M E M O R A N D U M   O P I N I O N

Francisco Cruz sued Jailene Reyes for damages arising from a November 2015 car accident. In April 2017, Reyes moved to add the City of Houston as a third-party defendant. Cruz filed an amended petition asserting a cause of action against the City and contending the City waived governmental immunity under the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. ch. 101. The City filed a plea to the jurisdiction on the ground that Cruz did not comply with the notice requirement under TTCA section 101.101. The trial court denied the plea to the

jurisdiction, and the City appealed that interlocutory order. *Id.* § 51.014(a)(8). We reverse the order and render judgment dismissing Cruz's claims against the City.

## BACKGROUND

According to Cruz's original petition, filed in February 2016, Reyes ran a red light at an intersection and collided with Cruz's vehicle on November 2, 2015. Reyes filed a motion in mid-March 2017 seeking leave to name the City as a third-party defendant. The trial court granted the motion about a month later.

Meanwhile, Cruz's counsel sent a letter to the City near the end of March 2017 about the accident on behalf of "our client Mr. Francisco Lopez." The letter also refers to "our client Mr. Francisco Cruz." Cruz filed an amended petition two weeks later alleging the City was negligent and grossly negligent under various theories related to the red light.

The City filed special exceptions and an answer to the amended petition in mid-May 2017. Six months later, in November 2017, the City filed a plea to the jurisdiction and motion to dismiss as to Cruz's claims. The City contended Cruz was required to give it notice of the claim within 90 days of the accident under the City's charter or, at most, within six months of the accident under the TTCA. The City attached two affidavits to its plea to the jurisdiction. Both were executed by Anna Russell, the City Secretary and Custodian of Records for the City Council of the City of Houston. In both affidavits, Russell states it is in the regular course of business for the City to make a record at or near the time or reasonably soon thereafter of any claim against the City. The first affidavit then states in relevant part:

> After a review of the records in my custody after November 2, 2015, I found that my office received a notice of claim for damages. . .on behalf of **Francisco Lopez** on March 31, 2017.

2

(Boldface in original.) The second affidavit states:

> After a review of the records in my custody, I found that my office did not receive a notice of claim for damages for **Francisco Cruz** on or after November 2, 2015, to the present date [September 26, 2017].

(Boldface in original.)

Cruz's response did not dispute that his lawyer's letter failed to timely provide the requisite notice. Instead, he contended a fact issue remained regarding whether the City had actual notice, in which case he was not required to provide notice. He alleged documents already produced in discovery showed the City was aware of a malfunctioning traffic signal at the intersection on the day the accident occurred. Cruz attached 18 pages of documents he characterized as "311 Lagan Service Requests, Infor/EAM Service Requests, Crew Job Tickets" regarding the intersection where the accident occurred. The documents indicate reports were made on November 2, 2015—the day of the accident—about the faulty traffic light. The reports include the following statements:

- "Well, it is happening again. The light stays green for sometimes 3–5 minutes with no traffic from Brisbane, so semis and cars are running the light. It is not doing anything consistently, but when it does change, it stays that way for way too long. With that loading company here at the intersection, this light needs to work. Why can't we get this fixed correctly? Is there someone else to contact?"

- "I keep forgetting to state the obvious . . . someone is going to get killed out here."

- "Signals at intersection of Telephone (35) and Brisbane are off timing and hold for incredibly long periods of time. Occurs all day. This morning the signal was giving 35 traffic all greens. This afternoon it was giving Brisbane all greens."

Cruz's response concluded, "[I]t is highly possible that the City had actual knowledge of: 1. an injury, 2. its alleged fault producing or contributing to the injury, and 3. the identity of the parties involved."

The trial court conducted a hearing on the plea to the jurisdiction in January 2018. Cruz's counsel reiterated the argument made in the written response, stating, "[T]he gist of our response is basically that . . . the city knew there was a problem at that intersection. . . . And so, we say we need an opportunity to find out what the city had actual notice of in their records." Counsel for the City stated discovery was ongoing but Cruz had not requested information that might show the City had actual notice. The trial court denied the plea to the jurisdiction.

## ANALYSIS

### I.   Standard of review

Generally, governmental entities are immune from suits seeking to impose tort liability on them. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). That immunity deprives trial courts of subject matter jurisdiction over such suits unless immunity has been waived. *Id.* Sovereign or governmental immunity defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 224. If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea, and the fact question must be resolved by the factfinder. *Id.* at 227–28. If the relevant evidence is undisputed or fails to raise a fact question, the trial court rules on the plea as a matter of law. *Id.* at 228.

The standard of review for a plea to the jurisdiction based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* Under this standard, we take as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.* "[A]fter the state asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiff[ ], when

4

the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.*

## II.     Notice required by the Texas Tort Claims Act

The TTCA waives governmental immunity for many tort claims,[1] but only if notice satisfying section 101.101 of the TTCA is provided to the governmental entity. *Tenorio*, 543 S.W.3d at 775. A governmental unit must be given notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). This notice of claim must describe "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id.* Claimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance. *Id.* § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved."). Houston's charter requires written notice of a claim within 90 days after the injuries or damages were sustained. Houston, Tex., Charter, art. IX, § 11.[2]

---

[1] We assume the TTCA applies to the claims in this case because they arise from "the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice." Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2).

[2] Section 11 is entitled Notice of Claim for Damages. It states:

> Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within ninety days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner

5

However, the written notice requirements in the TTCA do not apply if a governmental unit has actual notice. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c); *Tenorio*, 543 S.W.3d at 776. Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes. *Tenorio*, 543 S.W.3d at 776. To have actual notice, a governmental unit must have the same knowledge it is entitled to receive under the written notice provisions of the TTCA. *Id.* Thus, to be operative, the actual notice provision requires that a governmental unit have "subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id.* A governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved. *Id.*

Whether a governmental unit has actual notice is a fact question when the evidence is disputed, but it is a question of law when the evidence is undisputed. *Id.* The actual notice requirement is not met just because the governmental unit (1) should have investigated an accident as a prudent person would have, (2) investigated an accident as part of its routine safety procedures, or (3) should have known it might have been at fault based on its investigation. *Id.*

## III. Application

It is undisputed Cruz did not timely provide notice under section 101.101(a) of the TTCA. The only question is whether the evidence raised a fact issue as to whether the City had actual, subjective notice of: (1) a death, injury, or property

---

specified herein shall exonerate, excuse and exempt the City from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter.

6

damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved. *Tenorio*, 543 S.W.3d at 776.

Russell's affidavits are evidence supporting the City's assertion that it lacked the subjective notice required under section 101.101(c).[3] Cruz did not object to Russell's affidavits or offer controverting evidence. Instead, he submitted records from the City's 311 system to show the City knew, in his lawyer's words, "there was a problem at that intersection," and he asserted he needed time to discover information establishing the City's actual notice of the required elements under section 101.101(c).

When a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, the party must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Courts have also applied that principle to a party's contention that he needs discovery to respond to a plea to the jurisdiction. *See, e.g.*, *Gilliam v. Santa Fe Indep. Sch. Dist.*, No. 01-14-00186-CV, 2016 WL 828055, at *4 (Tex. App.—Houston [1st Dist.] Mar. 3, 2016, no pet.) (mem. op.); *Wilkins v. Collin Cty.*, No. 05-02-00510-CV, 2002 WL 31656133, at *3 (Tex. App.—Dallas Nov. 26, 2002, no pet.). Cruz did neither.

## CONCLUSION

There is no evidence in the record that the City received timely notice of Cruz's claim under section 101.101(a) or had actual notice of the claim under section 101.101(c). Lack of notice is an incurable jurisdictional defect. Therefore, we

---

[3] The letter that is the subject of the first affidavit refers both to "our client Mr. Francisco Lopez" and "our client Mr. Francisco Cruz." We are unwilling to hold as a matter of law that the letter did not give notice of a claim for damages for Cruz. As mentioned, though, that notice was untimely under the City's charter and the TTCA.

reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Cruz's claims against the City for lack of subject matter jurisdiction.


/s/     Frances Bourliot
        Justice

Panel consists of Justices Christopher, Bourliot, and Spain.